Dan CUSLIDGE, Plaintiff/Appellant,

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant/Respondent.**

No. ED 86628.

Missouri Court of Appeals, Eastern District, Division One.

July 18, 2006.

Patrick J. Hagerty, St. Louis, MO, for appellant.

Patricia M. Caragher and Torry N. Garland, St. Louis, MO, for respondent.

## OPINION

MARY K. HOFF, Presiding Judge.

Dan Cuslidge (Cuslidge) appeals from a judgment notwithstanding the verdict (JNOV) entered by the trial court in favor of Union Pacific Railroad Company (Union Pacific) and against Cuslidge on Cuslidge's First Amended Petition (Petition) filed under the Federal Employers' Liability Act (FELA) for personal injuries. Cuslidge argues that the trial court erred in granting the JNOV to Union Pacific because substantial evidence was presented from which the jury could have concluded that Union Pacific failed to provide a reasonably safe work place, and Cuslidge was injured as a result. We reverse and reinstate the jury verdict.

### Factual and Procedural Background

Union Pacific, or its predecessor, employed Cuslidge for over thirty years. In October 1998, Cuslidge began working as an electrician on the "C–line." In general, Cuslidge replaced parts on locomotives. To obtain a particular part, Cuslidge often had to walk from his work area to various locations around the "C-line," including the supervisor's office, the parts office, which was about two football fields from Cuslidge's work area, and a scavenge area. Less than five percent of the parts that Cuslidge needed were stored near his work area. Cuslidge sometimes carried parts or a tool bag that weighed twenty pounds or more. Cuslidge was on his feet most of the day, mainly on a concrete floor. Cuslidge walked at least an hour and a half during an average shift. Cuslidge wore steel-toe work boots required by Union Pacific. Cuslidge generally did not have a cart or a radio to use to assist him in obtaining parts and to lessen the amount of walking he did to obtain parts, although Cuslidge and others had complained to supervisors about providing additional equipment for such use.

Prior to beginning work on the "C-line," Cuslidge did not have any problems with his feet. In December 1999, Cuslidge began having pain in his right foot. In February 2000, he saw his primary physician, who eventually recommended that he see an orthopedic surgeon. In March 2000, Cuslidge saw Dr. Robert McCarron (Dr. McCarron), an orthopedic surgeon, who diagnosed Cuslidge with plantar fascitis. Conservative measures, including stretching exercises and a cortisone shot, provided no pain relief for Cuslidge. Ultimately, Cuslidge had surgery and was out of work and in a cast for six to eight weeks. After four additional weeks of physical therapy, Dr. McCarron cleared Cuslidge to return to work with full duties.

In May 2000, Cuslidge filed with Union Pacific a Report of Personal Injury in which he stated that "walking on concrete all day produced stress on feet causing fascitis" and that working conditions caused or contributed to the cause of the injury. According to Cuslidge, no adjustments were made as to how he carried out his work duties after he filed this report and returned to work. Stephen Stanton, a foreman on the "C–line," also was not aware of any changes to Cuslidge's job after he returned to work.

Cuslidge also began to have pain in his left foot, and eventually he went through the same process as he had with his right foot. After surgery, Cuslidge began using orthotics in his work boots. In August 2001, Cuslidge filed with Union Pacific a second Report of Personal Injury in which he stated that the accident/incident occurred from "to (sic) much walking on hard uneven surfaces" and that "working on hard surfaces" was the working condition that caused or contributed to cause the injury. In January 2002, Cuslidge returned to work with full duties after his second surgery.

In October 2002, Cuslidge filed his Petition under the FELA, 45 U.S.C. 51, *et seq.* Cuslidge's claim proceeded to a jury trial. Dr. McCarron testified by deposition at trial. Dr. McCarron opined that the work Cuslidge performed, specifically, standing on his feet and walking repetitively, contributed to the development of Cuslidge's plantar fascitis.

Dr. Michael Shinnick (Dr. Shinnick), an expert in ergonomics, which is the study of the relationship between people and their work environments, also testified at trial on behalf of Cuslidge. Dr. Shinnick testified regarding cumulative trauma disorders, such as plantar fascitis, that can develop in a person's lower extremities

from excessive walking or kneeling or stooping. Dr. Shinnick interviewed Cuslidge and visited Cuslidge's work site. Dr. Shinnick measured steps and feet to the various locations that Cuslidge generally would walk to obtain parts. Dr. Shinnick estimated that Cuslidge walked about 3.8 miles per shift. Dr. Shinnick opined that Union Pacific did not provide Cuslidge a reasonably safe work place for several reasons, including that Union Pacific did not perform any work analysis, hazard prevention, or medical monitoring, especially after receiving notice of Cuslidge's first surgery, and that Union Pacific did not provide Cuslidge with the proper equipment to reduce the amount of walking Cuslidge had to do on hard surfaces. Dr. Shinnick also noted that there is no threshold for too much walking because it depends on the walking surface, the foot wear, the job details, and the load being carried.

The jury returned a verdict in favor of Cuslidge and against Union Pacific for damages in the amount of $100,000, and the trial court entered a judgment in accordance with the jury verdict. Subsequently, Union Pacific filed a motion for judgment notwithstanding the verdict, or in the alternative, motion for a new trial, to which Cuslidge filed a memorandum in opposition. After a hearing, the trial court granted Union Pacific's motion and entered its JNOV in favor of Union Pacific and against Cuslidge. The trial court attached to its JNOV a Memorandum Opinion, in which the court stated:

> Now it may well be that there is a tipping point at which the health risks attendant to walking exceed the health benefits attendant to walking, and, depending on the context, an employment that required an employee to walk past

that point (mail carrier, nurse, museum docent) might not be reasonably safe.

Mr. Cuslidge's failure in this case was a failure to present evidence that would permit a reasonable person to conclude that the amount of walking that [Union Pacific] required of him was not reasonably safe. There was no evidence of how often persons who walk as much as Mr. Cuslidge was required to walk suffer injuries such as [plantar fascitis]. Are such injuries rare or are they common? There was no evidence. If the required walking should have been diminished, there was no evidence as to how much it should have been diminished.

. . .

Given the failure to present evidence regarding the health risks in walking the amount required of Mr. Cuslidge, it is not possible for a reasonable person to conclude that walking that amount was not reasonably safe.

Cuslidge appeals from the JNOV entered by the trial court.

### Standard of Review

We review the trial court's grant of a motion for judgment notwithstanding the verdict to determine whether the plaintiff made a submissible case. *Dunn v. Enterprise Rent–A–Car Co.*, 170 S.W.3d 1, 11 (Mo.App. E.D.2005). To make a submissible case, the plaintiff must present substantial evidence for every fact essential to liability. *Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 14 (Mo.App. E.D.2005). Substantial evidence is that which, if true, has probative force upon the issues and from which the trier of fact can reasonably decide a case. *Id.* Whether evidence in a case is substantial is a question of law. *Id.*

at 14–15. In determining whether the plaintiff has made a submissible case, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. *Id.* at 15. We presume the plaintiff's evidence is true, and we disregard any of the defendant's evidence that does not support the plaintiff's case. *Id.* A presumption exists that favors reversal of a judgment notwithstanding the verdict granted to a defendant unless the favorable evidence and inferences are so strongly against the plaintiff that reasonable minds could not differ as to the result. *Dunn,* 170 S.W.3d at 11.

### Discussion

In his sole point on appeal, Cuslidge argues that the trial court erred in granting the JNOV to Union Pacific because substantial evidence was presented from which the jury could have concluded that Union Pacific failed to provide a reasonably safe work place, and Cuslidge was injured as a result.

■ To make a submissible FELA case, the plaintiff must show that: (1) the employer had a duty to provide a reasonably safe work place; (2) the employer's lack of care played some part, however slight, in producing the injury; and (3) the injury was reasonably foreseeable. *Ramsey v. Burlington Northern and Santa Fe Ry. Co.,* 130 S.W.3d 646, 651 (Mo.App. E.D.2004). A "reasonably safe work place" means that the employer is required to remove those dangers that can be removed by the exercise of reasonable care. *Id.* To satisfy the foreseeable requirement, the plaintiff must show the employer had actual or constructive notice of the defective condition that caused the injury. *Id.* The plaintiff makes a submissible FELA case if there is any evidence, however slight, to support the employer's negligence. *Id.*

■ Under the liberal FELA standards, we conclude Cuslidge made a submissible case in that, viewing the evidence most favorably to Cuslidge, Cuslidge presented sufficient evidence to show that Union Pacific failed to provide a reasonably safe work place, that Union Pacific's failure played some part, however slight, in producing Cuslidge's plantar fasciitis, and that the plantar fasciitis was reasonably foreseeable. Both Cuslidge and Dr. Shinnick testified not only to the amount of walking generally required of Cuslidge during an average work shift, at least an hour and a half in duration and about 3.8 miles in length, but also to the conditions under which Cuslidge performed the walking, in particular, on hard concrete surfaces. Cuslidge also testified that he was on his feet most of the day, mainly on a concrete floor. Dr. McCarron testified that the work Cuslidge performed, specifically standing on his feet and walking repetitively, contributed to the development of Cuslidge's plantar fasciitis. Dr. Shinnick testified regarding cumulative trauma disorders, such as plantar fasciitis, that can develop in a person's lower extremities from excessive walking. Dr. Shinnick also testified that Union Pacific did not provide Cuslidge a reasonably safe work place for several reasons, including that Union Pacific did not perform any work analysis, hazard prevention, or medical monitoring, especially after receiving notice of Cuslidge's first surgery, and that Union Pacific did not provide Cuslidge with the proper equipment to reduce the amount of walking Cuslidge had to do on hard surfaces. Further, the first Report of Personal Injury filed by Cuslidge with Union Pacific

stated that the working condition of walking on concrete all day caused or contributed to cause Cuslidge's plantar fascitis. The second Report of Personal Injury stated that the working condition of too much walking on hard surfaces caused or contributed to cause Cuslidge's plantar fascitis.[1] Also, Union Pacific supervisors were aware of the need for additional equipment to assist Cuslidge and others in obtaining parts and to lessen the amount of walking necessary to obtain parts.

The trial court set an evidentiary burden that Cuslidge was not required to meet, namely, to identify a "tipping point at which the health risks attendant to walking exceed the health benefits attendant to walking." The situation here is similar to a repetitive trauma situation in which a person is injured over a period of time, without a specific point of injury, and in which one person may experience injury at a different point in time than another. With Cuslidge, the repetitive trauma was regular walking on hard concrete surfaces. Cuslidge presented sufficient evidence for the jury to conclude that the walking performed by Cuslidge, in the context of certain work place conditions, was not reasonably safe and was at least a contributing factor to the development of his plantar fascitis. Therefore, under the facts and circumstances presented here, Cuslidge made a submissible FELA case.

Accordingly, the trial court erred in granting Union Pacific's motion and entering the JNOV in favor of Union Pacific and against Cuslidge. Cuslidge's point on appeal is granted.

*Conclusion*

The JNOV entered by the trial court is reversed, and the jury verdict in favor of Cuslidge is reinstated.

CLIFFORD H. AHRENS and
PATRICIA L. COHEN, Judges, concur.

---

1. In his brief, Cuslidge surmises that, because he had two separate injuries, "the jury may well have decided that, while [Union Pacific] was not liable for the first injury, once it was on notice of that injury, its cause, and the need for surgery on one of its workers, [Union Pacific] was required to do *something* to prevent further injury to Cuslidge." (Emphasis in original.)